**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF TEXAS**
**EL PASO DIVISION**

| | | |
|---|---|---|
| **CHRISTOPHER SAMBISSA,** | § | |
| | § | |
| *Plaintiff*, | § | |
| | § | |
| v. | § | |
| | § | |
| **BRANDON HOOD,** *Deportation Officer,* | § | |
| *U.S. Immigration and Customs Enforcement*; | § | |
| **U.S. IMMIGRATION AND CUSTOMS** | § | |
| **ENFORCEMENT;** | § | |
| **U.S. DEPARTMENT OF HOMELAND** | § | |
| **SECURITY;** | § | **EP-26-CV-00100-DCG** |
| **MARKWAYNE MULLIN,** *Secretary of* | § | |
| *Homeland Security*; | § | |
| **JOSEPH B. EDLOW,** *Director, U.S.* | § | |
| *Citizenship and Immigration Services*; | § | |
| **TODD BLANCHE,** *Acting U.S. Attorney* | § | |
| *General*; **and** | § | |
| **THE UNITED STATES OF AMERICA,** | § | |
| | § | |
| *Defendants*. | § | |

## SECOND ORDER REGARDING SERVICE OF PROCESS

After *pro se* Plaintiff Christopher Sambissa missed his April 20, 2026 deadline to serve Defendants with process,[1] the Court ordered him to serve Defendants and file proof of service by May 20, 2026.[2] On May 1, 2026, the Court received a mailing purporting to prove that Plaintiff had served Defendants with process.[3]

---

[1] *See* Order File Proof Serv., ECF No. 4, at 4.

All page citations in this Order refer to the page numbers assigned by the Court's CM/ECF system, rather than the cited document's internal pagination.

[2] *See id.* at 6.

[3] *See generally* Proofs Serv., ECF No. 6.

The documents contained in that mailing don't establish that Plaintiff validly served any of the Defendants with process.[4]  As the Court explained in its prior Order, the Court cannot adjudicate Plaintiff's claims against any of the Defendants until Plaintiff effectuates valid service on the United States.[5]  To validly serve the United States, Plaintiff must (among other things):

(1)     "deliver a copy of the summons and of the complaint to the United States attorney for the district where the action is brought—or to an assistant United States attorney or clerical employee whom the United States attorney designates in a writing filed with the court clerk;" or

(2)     "send a copy of each by registered or certified mail to the civil-process clerk at the United States attorney's office."[6]

The "district where th[is] action [was] brought" is the Western District of Texas, so Plaintiff must serve the U.S. Attorney's Office for the Western District of Texas by one of the methods above.[7]  The mailing that Plaintiff sent to the courthouse on May 1, 2026 doesn't indicate that Plaintiff has done that.[8]

---

[4] *See generally id.*

[5] *See* Order File Proof Serv. at 2–3.

*See also* FED. R. CIV. P. 4(i)(1) (governing service of process on the United States); FED. R. CIV. P. 4(i)(2) ("To serve a United States agency or corporation, or a United States officer or employee sued only in an official capacity, *a party must serve the United States* and also send a copy of the summons and of the complaint by registered or certified mail to the agency, corporation, officer, or employee." (emphasis added)).

[6] *See* FED. R. CIV. P. 4(i)(1)(A)(i)–(ii); *see also* Order File Proof Serv. at 2–3.

[7] *See* FED. R. CIV. P. 4(i)(1)(A)(i)–(ii).

[8] *See* Proofs Serv. at 1–7.

Thus, the Court once again **ORDERS** Plaintiff to take the following actions by **May 20, 2026**:

(1)     **SERVE** Defendants in accordance with Federal Rule of Civil Procedure 4(i); and

(2)     **FILE** proof of service in accordance with Federal Rule of Civil Procedure 4(*l*).[9]

The Clerk of Court **SHALL MAIL** this Order to:

Christopher Sambissa
Torrance County Detention Facility
209 County Road A049
Estancia, NM 87016

Christopher Sambissa
1900 Lohengrin Street
Los Angeles, CA 90047

Christopher Sambissa
2427 Golden Avenue
Long Beach, CA 90806

**So ORDERED and SIGNED this 5th day of May 2026.**

_____
**DAVID C. GUADERRAMA**
**SENIOR U.S. DISTRICT JUDGE**

---

[9] *See* Order File Proof Serv. at 6.